### Hart *vs.* Altmeyer & Company.

[Jackson, C. J., did not preside, because of providential cause.]

1. Although, when the term commenced at which the rule *nisi* to foreclose a mortgage was taken, the debt, to secure which the mortgage was given, was not due, yet if, when the petition and rule *nisi* were presented, the debt had matured, and the rule *nisi* was served on the defendant more than three months before the next term, at which the money due on the mortgage was required to be paid; this is all that the mortgagee was entitled to. Code, §§3962, 3964; 20 *Ga.*, 342; 18 *Id.*, 277; 59 *Id.*, 392.

(a.) This question has never been referred to or decided by the court below, and for this reason can not be reviewed by this court. Code, §4251.

3. This is a fair question to be brought before this court, and damages for frivolous exceptions should not be awarded.
Judgment affirmed.

October 2, 1884.

Blandford, Justice.

[A. R. Altmeyer & Company proceeded to foreclose a mortgage against M. E. Hart. No plea was filed, and the rule was made absolute. Counsel for defendant asked for time to see the husband of defendant, in order to learn

whether there was any defence, but this was refused. After judgment, defendant excepted and assigned the following errors:

(1.) Because the court refused to allow time to defendant's counsel.

(2.) Because the note secured by the mortgage did not fall due until December 1, 1883; the October term, 1883, of Sumter superior court met on the second Monday in October, and was adjourned until January 10, 1884, and at this adjourned term, the note having fallen due, the rule *nisi* was granted.

(3.) Because the defendant has the entire term at which he is called on to answer to do so; but the rule absolute was granted before the close of the term.]